# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BIRCH HILL REAL ESTATE LLC, et al.,

        Plaintiffs,

    v.                                    Case No.  19-C-426

KEVIN BRESLIN, et al.,

        Defendants.

---

## DECISION AND ORDER DENYING MOTION TO REMAND

---

This case arises out of the failure of a sophisticated multi-property real estate transaction involving senior care living facilities for which Defendants MidCap Financial Services, LLC and MidCap Funding VII Trust (collectively, MidCap) provided the financing.  Twenty-two Wisconsin limited liability companies and corporations operating as the landlords of senior living facilities, all but one of which is located in Wisconsin, commenced this action against the tenant/future purchasers of the facilities and their guarantors on December 14, 2018.  Although the original complaint is not included in the record, an amended complaint which added MidCap as a defendant was filed on February 19, 2019.  Dkt. No. 1-1.  MidCap was served on February 19, 2019, and on March 25, 2019, MidCap removed the action to this court asserting federal diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. No. 1.  Plaintiffs have since filed a motion to remand the case back to state court, claiming that MidCap's removal is defective because it failed to obtain the consent of Mary Theresa Khawly, one of the defendants, and failed to properly allege the citizenship of each of MidCap's members.  Dkt. No. 36.  MidCap contends that Khawly's consent was not required because she had not been properly served at the time it removed the case.  Alternatively, MidCap

argues that its failure to obtain Khawly's consent should be excused because it exercised reasonable diligence in attempting to determine whether she had in fact been served. MidCap also argues that its Notice of Removal sufficiently alleges diversity jurisdiction.

## LEGAL STANDARD

Section 1446(b)(2)(A) provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "The defendant seeking removal must secure consent to removal from all of the other properly joined and served defendants within the thirty-day period removal is permitted." *Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, No. 17C5568, 2017 WL 4423409, at *3 (N.D. Ill. Oct. 4, 2017) (citation omitted). "To properly consent to removal or join a notice of removal, the remaining defendants must sign the notice of removal." *Id.* (citing *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997)); *Benson v. LVNV Funding, LLC*, No. 11-1096-GPM-MPF, 2012 WL 699632, at *2 (S.D. Ill. Mar. 1, 2012) (explaining the "rule of unanimity" with respect to removal).

"In considering a motion for remand, the court must examine the [plaintiff's] complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Riley v. United States*, No. 18C4810, 2019 WL 2161693, at *2 (N.D. Ill. May 17, 2019) (citation and internal quotation marks omitted) (alteration in original). "The party seeking removal bears the burden of proving the propriety of removal." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

# ANALYSIS

## A. Consent For Removal

As a threshold matter, Plaintiffs timely filed their motion to remand. *See* 28 U.S.C. § 1447(c); *Prolite Bldg. Supply, LLC v. MW Mfrs., Inc.*, 891 F.3d 256, 259 (7th Cir. 2018). In their motion, Plaintiffs argue that MidCap's removal was improper on two grounds: (1) MidCap's removal failed to attach the written consent of Defendant Mary Theresa Khawly, as required under 28 U.S.C. § 1446(b)(2)(A), and (2) MidCap failed to allege complete diversity, as required under 28 U.S.C. §§ 1332(a) and 1441(b)(2).

Here, MidCap acknowledges that it did not obtain Khawly's consent. Dkt. No. 1 at ¶ 60. In its notice of removal, MidCap explained that the docket did not reflect that Khawly had been served with the original or amended summons and complaint, and therefore her written consent was not required. More specifically, MidCap asserted that "Plaintiffs' attempt, if any, at service by publication and/or mailing is defective insofar as Ms. Khawly has not resided at the address listed on the state court docket in several years." *Id.* at ¶¶ 60–61. Realizing that the address shown in the state court docket was not the address at which Plaintiffs attempted to serve Khawly, MidCap now argues that Plaintiffs' attempted service upon her was nevertheless defective because Plaintiffs failed to serve Khawly with both the original summons and complaint and the amended summons and complaint. MidCap also argues that Plaintiffs' attempted service of Khawly was defective because the newspaper in which Plaintiffs published the summons directed to Khawly was not one "likely to give notice in the area or to the person affected" as Wisconsin law requires. Finally, MidCap argues that even if service upon Khawly was not defective, MidCap's failure to obtain her

consent should be excused because MidCap exercised reasonable diligence in attempting to discern whether she had been properly served.

Plaintiffs first argue in response that MidCap lacks standing to challenge its service of Khawly. In the event MidCap does have standing, Plaintiffs argue that Khawly was properly served by publication summons in accord with Wisconsin Statute § 801.11(1)(c) on March 5, 2019 and that the state court docket reflected that service. Plaintiffs also claim that they properly served Khawly on March 6, 2019 by serving the doorman at her confirmed residence in New York City, in compliance with Wisconsin Statute § 801.11(1)(b)(2).

### 1. Standing

Plaintiffs' standing argument is easily disposed of. It makes no sense to say that the removing defendant has the burden of proving that all properly served defendants provided written consent for removal, while at the same time claiming that such defendant lacks standing to assert that service upon a non-consenting defendant was defective. To hold otherwise would allow the plaintiff to defeat removal in every case where fewer than all of the named defendants were served and their consent for removal therefore not obtained. Plaintiffs could simply allege they were served and then bar on standing grounds the defendant's attempt to argue otherwise. Because Khawly's consent to removal was only required if she was properly served, Plaintiffs' challenge to MidCap's removal necessarily places the validity of Plaintiffs' attempted service of her at issue. Moreover, as MidCap notes, its argument that Khawly was not properly served is not a challenge to service on her behalf; it is simply its explanation of why it was not required to obtain her written consent to removal.

4

## 2. Service by publication

Plaintiffs' remaining arguments are not so easily rejected. Wisconsin Statute § 801.11(1)(c) provides that if a party cannot be served personally after "reasonable diligence," service can be made "by publication of the summons as a class 3 notice, under ch. 985, and by mailing." *See* Wis. Stat. § 801.11(1)(c) (2017–18); *Krahenbuhl v. Ostrich Ranchers Ltd. P'ship*, No. 96-C-246, 2007 WL 3012712, at *2 (E.D. Wis. Oct. 12, 3007). "Reasonable diligence" requires that a plaintiff "exhaust with due diligence any leads or information reasonably calculated to make personal service possible," *Krahenbuhl*, 2007 WL 3012712, at *2 (citation omitted), but not "all possible diligence which may be conceived." *Haselow v. Gauthier*, 212 Wis. 2d 580, 591, 569 N.W.2d 97 (Ct. App. 1997) (citation omitted). To serve by publication, a plaintiff must publish a class 3 notice "once each week, for three consecutive weeks, in 'a newspaper likely to give notice in the area or to the person affected,'" *Krahenbuhl*, 2007 WL 3012712, at *3 (quoting Wisconsin Statutes §§ 985.02(1) and 985.07(3)), and "at or immediately prior to the first publication, a copy of the summons and a copy of the complaint" must be mailed to the defendants, provided that the defendant's post-office address can be ascertained. *See* Wis. Stat. § 801.11(1)(c).

The court is satisfied, and MidCap does not contend otherwise, that Plaintiffs exercised reasonable diligence in attempting to effect personal service on Khawly. Plaintiffs attempted personal service on Khawly a total of seven times across three states: (1) at her last-known address in Palm Beach, Florida, which Plaintiffs learned was demolished; (2) after a "locate investigation" of a private investigator, at a second Palm Beach, Florida address, which was also in the process of being demolished; (3) after Plaintiffs' investigator learned Khawly was on a private flight to Mesa, Arizona, at the Mesa airport; (4) at the Arizona residence of an individual believed to be Khawly's

relative; (5) at a New York City (NYC) condominium that public records linked to Khawly, where the doorman confirmed Khawly's residence but denied the process server's entry into Khawly's unit; (6) a subsequent attempt at the NYC address, the doorman again denying access; and (7) a final attempt at the NYC address, the doorman continuing to deny access and the New York Police Department refusing to assist the process server. Dkt. Nos. 37-4, 37-5, 37-6, 37-7, 37-8. These efforts demonstrate reasonable diligence. *See Krahenbuhl*, 2007 WL 3012712, at *2; *Yan Fang Jiang v. Hannon Grp., Ltd.*, No. 14-CV-309-JPS, 2015 WL 541678, at *6 (E.D. Wis. Feb. 10, 2015).

After exercising reasonable diligence in attempting to personally serve Khawly, Plaintiffs published a publication summons in the New York Law Journal (NYLJ) once per week for three consecutive weeks, starting on March 5, 2019. Dkt. No. 22. Under Wisconsin Statute § 801.13(2), which provides that "[a] summons served by publication is deemed served on the first day of required publication," Khawly was served for purposes of removal on March 5, 2019, twenty days prior to MidCap's filing of a notice of removal. The day prior, on March 4, Plaintiffs mailed authenticated copies of the original and amended complaints and summonses, the publication summons, and electronic filing notices to Khawly's NYC address. Dkt. Nos. 37-3, 49-1. Plaintiffs argue that their actions meet the standard of proof for service by publication set forth in Wisconsin Statute § 801.10(4)(b), and therefore MidCap's failure to obtain Khawly's consent requires remand. *See, e.g.*, *Bacon v. Vaughn*, No. 5:15-CV-44(DCB)(MTP), 2015 WL 5970890 (S.D. Miss. Oct. 14, 2015) (granting motion to remand where removing defendant failed to obtain consent of co-defendant properly served by publication under state law prior to filing notice of removal); *Godley*

*v. Valley View State Bank*, No. CIV.A.99-2531-GTV, 2000 WL 1863375 (D. Kan. Dec. 15, 2000) (same).

MidCap makes several arguments contesting the validity of Plaintiffs' service on Khawly. First, MidCap argues that, under Wisconsin Statute § 985.02(1), Plaintiffs' legal notice was to be published "in a newspaper likely to give notice in the area or to the person affected." MidCap argues that Plaintiffs' publication in the NYLJ was not reasonably calculated to give notice to Khawly, a seventy-five-year-old woman who is not an attorney, and is therefore insufficient to effect service under § 801.11(c). However, as Plaintiffs point out, the NYLJ meets the definition of a "newspaper" through which service by publication may be effected. *See* Wis. Stat. § 985.01(3r). The NYLJ, which has a print readership of 21,000 and has 192,000 unique website visitors per month, is published each weekday and contains more than twenty-five percent news content, including reports of recent happenings of a varied character. Dkt. No. 49-3 at ¶¶ 4–6. The NYLJ has also been designated by the First Department of the New York Supreme Court, Appellate Division, which envelops New York County, where Khawly resides, as a newspaper that is calculated to give public notice of a legal publication under 22 CRR-NY § 601.1(a)–(b) and N.Y. Judiciary Law § 91(1)–(2). *Id.* The NYLJ is therefore satisfactory under § 985.02(1) and § 801.11(1)(c). *See, e.g.*, *Fed. Home Loan Mortg. Corp. v. Mirchandani*, No. 94CV1201(FB), 1996 WL 534821, at *2, 4 (E.D.N.Y. Sept. 18, 1996) (allowing service by publication in the New York Law Journal).

Second, MidCap contends that Plaintiffs failed to serve Khawly with both the original and amended summons and complaint. "Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh." *American Family Mut. Ins. Co.*

*v. Royal Ins. Co. of America*, 167 Wis. 2d 524, 531, 481 N.W.2d 629 (1992) (internal quotation omitted). "[T]he service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction . . . . Significantly, a defendant's actual notice of an action is not alone enough to confer personal jurisdiction upon the court; rather, [s]ervice must be made in accordance with the manner prescribed by statute." *Johnson v. Cintas Corp.*, 2012 WI 31, ¶ 25, 339 Wis. 2d 493, 811 N.W.2d 756 (internal quotation marks and citations omitted). Moreover, according to the Wisconsin Court of Appeals' opinion in *Wahal v. Weiss*, 2016 WI App 57, 370 Wis. 2d 788, 882 N.W.2d 871 (unpublished), a decision that both parties cite as persuasive authority, service must be made of both the original and amended complaint, even where the original complaint has been superceded by the filing of the amended pleading. It is as to this requirement that Plaintiffs' attempted service failed.

As MidCap notes, service by publication is a two-step process. It must include both publication as a class 3 notice under Chapter 985 <u>and</u> mailing of a copy of the operative summons and complaint at, or immediately prior to, the first publication. Wis. Stat. § 801.11(1)(c). While the record shows that Plaintiffs mailed copies of both the original and amended summons and complaints to Khawly, it does not reveal that both summons were published. To the contrary, Plaintiffs have filed only one publication summons that references only the "Complaint," not the "Amended Complaint." Dkt. No. 37-2. Exhibit A to the Notice of Removal filed by MidCap shows that Plaintiffs filed an "Amended Summons and Amended Complaint" on February 19, 2019. Dkt. No. 1-1 at 5. At no time did Plaintiffs publish an amended summons notifying Khawly that they had filed an amended complaint. The fact that Plaintiffs had mailed a copy of the amended summons and complaint to Khawly is not enough. The statute requires both publication and mailing

in order for service to be effective. Because Wisconsin requires strict compliance with its rules governing statutory service, this is not enough. It thus follows that Khawly was not properly served by publication.

### 3. Substituted service on doorman

Plaintiffs alternatively argue that they properly served Khawly by leaving a copy of the summons and complaint with the doorman of the building in which she resided. Section 801.11(1)(b)2 provides that if with reasonable diligence the defendant cannot be served by personally delivering a copy of the summons and complaint, then service may be made "pursuant to the law for the substituted service of summons or like process upon defendants in actions brought in courts of general jurisdiction of the state in which service is made." Plaintiffs note that under New York law, where Khawly lives, service by leaving the summons and complaint with the doorman is proper where access to the building is denied and copies of the summons and complaint are also mailed. Pls.' Br. in Supp., Dkt. No. 37, at 17 (citing *Rosenberg v. Haddad*, 208 A.D.2d 468, 469 (N.Y. App. Div. 1994); *Astrea United Invs., L.P. v. Onitiri*, No. 92 Civ. 0581, 1992 WL 346353, at *2 (S.D.N.Y. Nov. 18, 1992); *Costine v. St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 173 A.D.2d 422, (N.Y. App. Div. 1991); *Sullivan v. 117 Liberty St., LLC*, No. 12-CV-05066 PKC, 2013 WL 2304096, at *1 (E.D.N.Y. May 24, 2013)). But Plaintiffs' effort to complete service in this way suffers from the same defect as their attempted service by publication. Plaintiffs' process server left only the original summons and complaint with Khawly's doorman. Dkt. No. 37-8 at ¶ 5. It thus follows that Khawly was not properly served with the amended summons and complaint, and her consent for removal was therefore not required.

## B. Diversity Allegations

Lastly, Plaintiffs allege that the case should be remanded because MidCap failed to properly allege diversity jurisdiction. More specifically, Plaintiffs allege that "MidCap did not sufficiently identify the names and citizenship of the two MidCap Defendants — MidCap Financial Services, LLC, and MidCap Funding VII Trust, an unincorporated trust — including the citizenship of their members and shareholders (and the citizenship of their members' members and shareholders' shareholders, as applicable)." Pls.' Br. in Supp., Dkt. No. 37, at 19. Plaintiffs contend that unless a removing defendant specifically identifies and alleges the citizenship of every individual or entity with an ownership interest in a limited liability company or unincorporated trust, as well as the identity and states of citizenship of the individuals and entities with interests in those entities, a notice of removal is insufficient.

The allegations of MidCap's Notice of Removal are sufficient. The Notice states, "This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because Plaintiffs and all Defendants are citizens of different states and/or foreign states, and the amount in controversy ($90 million) exceeds $75,000, exclusive of interest and costs." Dkt. No. 1, ¶ 6. The Notice then goes on to list each of the twenty-two plaintiffs, their members and the state of their citizenship, namely Wisconsin, as well as that of the other defendants. As for the two MidCap entities, the Notice states:

> 36. Defendant, MidCap Financial Services, LLC is a Delaware limited liability company with its principal place/office of business in Bethesda, Maryland. The Members of MidCap Financial Services, LLC are citizens of Delaware and the ultimate corporate owner is a citizen of Ireland.
>
> 37. Defendant, MidCap Funding VII Trust (improperly identified as MidCap Funding VII Trust, LLC) is a Delaware statutory trust with its principal offices

located n Dublin, Ireland, and is owned by a corporate entity formed under the laws of Delaware and Ireland which are in turn owned by a corporate entity formed under the laws of Ireland.

38. Neither MidCap Defendant is a citizen of Wisconsin.

*Id.*, ¶¶ 36–38. The Notice then again states, "each and every Plaintiff is completely diverse from each and every Defendant, and no Defendant is a citizen of the State of Wisconsin." *Id.*, ¶ 39.

Plaintiffs' argument that more specific allegations are required at this stage finds no support in the law. *Thomas v. Guardsmark*, 487 F.3d 531 (7th Cir. 2007), one of the cases Plaintiffs cite in support of their argument, addressed compliance with Circuit Rule 28, which prescribes the content of briefs filed in the Court of Appeals. The Rule requires a jurisdictional statement that, in diversity cases in which a party is an unincorporated association or partnership, identifies the citizenship of all members. Thus, in *Thomas*, the Court held that "an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.* at 534. But Circuit Rule 28 does not apply to proceedings in the district court. While complete diversity is required, neither the Federal Rules of Civil Procedure nor the removal statute have particularized pleading requirements for diversity cases. The removal statute requires "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Rule 8, which governs general rules of pleading, likewise requires only "a short and plain statement of the grounds of the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1).

In the other case on which Plaintiffs rely, *Karazanos v. Madison Two Associates*, 147 F.3d 624 (7th Cir. 1998), the district court directed the removing defendant to supplement its

jurisdictional allegations in the removal notice. The defendant did so by furnishing the court with a letter and a hand-drawn organizational chart from counsel that more clearly described the relationships among all of the entities. *Id.* at 625. Given the complex makeup of the MidCap entities, the court will direct MidCap to provide a similar supplemental jurisdictional statement here. But the fact that MidCap did not provide the specificity Plaintiffs believe necessary in its Notice of Removal does not render it deficient. The clear and unequivocal allegation that there was complete diversity between the Plaintiffs and Defendants, that all of the Plaintiffs were citizens of the State of Wisconsin, and that none of the Defendants or their members were citizens of the State of Wisconsin is sufficient at this stage. Plaintiffs' motion for remand on this basis is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand the case to Outagamie Circuit Court (Dkt. No. 36) is **DENIED**. MidCap's motion for leave to file a sur-reply (Dkt. No. 51) is **GRANTED**.

Dated at Green Bay, Wisconsin this  8th  day of July, 2019.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court