UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BIRCH HILL REAL ESTATE, LLC, et al.,

        Plaintiff,

v.  Case No. 19-C-426

KEVIN BRESLIN, et al.,

        Defendants.

**DECISION AND ORDER**

Plaintiffs, comprising twenty-two Wisconsin limited liability companies and corporations operating as landlords to senior living facilities located in Wisconsin and Michigan, filed this action on December 14, 2018, in Outagamie County Circuit Court in the aftermath of a failed multi-property real estate transaction. This transaction involved Defendant Kevin Breslin's purchase of the operating entities of the senior care facilities, the execution of a lease for the real property owned by Plaintiffs, and the agreement by several guarantors, who are also defendants in this action, to guarantee the obligations of the operating tenants. In an amended complaint filed on February 19, 2019, Plaintiffs added as defendants MidCap Financial Services, LLC and MidCap Funding VII Trust (collectively, MidCap), who provided financing for the transaction. Dkt. No. 1-1. MidCap was served on February 21, 2019, and timely removed the action on March 25, 2019, asserting federal diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1.

On April 22, 2019, Plaintiffs filed a motion to remand the case back to state court, claiming that MidCap's removal was improper because it failed to obtain the consent of Mary Theresa Khawly, a defendant guarantor, and failed to sufficiently allege diversity jurisdiction. Dkt. No. 36.

In a decision and order dated July 8, 2019, the court denied Plaintiffs' motion, concluding that Plaintiffs failed to properly serve Khawly with an amended summons and complaint under Wisconsin law and that MidCap sufficiently alleged diversity jurisdiction. Dkt. No. 69. Presently before the court is Plaintiffs' motion to reconsider its order denying their motion to remand or, in the alternative, to certify an interlocutory appeal. Dkt. No. 72. The court heard oral argument on the motion on August 21, 2019. For the reasons below, Plaintiffs' motion will be granted and this case will be remanded back to Outagamie County Circuit Court.

## LEGAL STANDARDS

**A. Motion for Reconsideration**

Plaintiffs have moved for reconsideration of this court's order denying their motion to remand pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Dkt. No. 72. Rule 59(e) permits a party to file a motion to alter or amend a judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Rule 60(b) allows a court to relieve a party from a "final" judgment, order, or proceeding. Fed. R. Civ. P. 60(b). No judgment has been entered in this case, nor is this court's decision denying Plaintiffs' motion to remand "final." *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006) ("But [Rule 60(b)], by its terms limited to 'final' judgments or orders, is inapplicable to interlocutory orders." (citations omitted)); *Rohrer, Hibler & Replogle, Inc. v. Perkins*, 728 F.2d 860, 861 (7th Cir. 1984) ("An order denying a motion to remand a case to state court cannot, by any stretch of the imagination, be considered 'final' within the meaning of [28 U.S.C.] § 1291." (citations omitted)). Rules 59(e) and 60(b) therefore appear inapplicable.

Rule 54(b), which allows a court to revise any order or decision adjudicating "fewer than all the claims or the rights and liabilities of fewer than all the parties," also appears inapplicable

because, by its plain language, the rule implies that an order the court seeks to revise must have adjudicated some (i.e. one or more) claims, rights, or liabilities, which this court's order denying Plaintiffs' motion to remand did not do. Instead, "[t]he authority of a district judge to reconsider a previous ruling in the same litigation . . . is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina*, 466 F.3d at 571–72. "Not to reconsider in such circumstances would condemn the parties to the unedifying prospect of continued litigation when they knew that a possibly critical ruling was in error and, unless it became moot in the course of the proceedings, would compel a reversal of the final judgment at the end of the case." *Id.* at 572. Under the doctrine of the law of the case, "a court should not reopen issues decided in earlier stages of the same litigation," but "[t]he doctrine does not apply if the court is 'convinced that [its prior decision] is clearly erroneous and would work a manifest injustice.'" *Agostini v. Felton*, 521 U.S. 203, 236 (1997) (citing *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

**B. Removal and Motion to Remand**

Section 1446(b)(2)(A) provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "The defendant seeking removal must secure consent to removal from all of the other properly joined and served defendants within the thirty-day period removal is permitted." *Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, No. 17C5568, 2017 WL 4423409, at *3 (N.D. Ill. Oct. 4, 2017) (citation omitted). "To properly consent to removal or join a notice of removal, the remaining defendants must sign the notice of removal." *Id.* (citing *Gossmeyer v. McDonald*, 128 F.3d 481,

3

489 (7th Cir. 1997)); *Benson v. LVNV Funding, LLC*, No. 11-1096-GPM-MPF, 2012 WL 699632, at *2 (S.D. Ill. Mar. 1, 2012) (explaining the "rule of unanimity" with respect to removal).

"In considering a motion for remand, the court must examine the [plaintiff's] complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Riley v. United States*, No. 18C4810, 2019 WL 2161693, at *2 (N.D. Ill. May 17, 2019) (citation and internal quotation marks omitted). "The party seeking removal bears the burden of proving the propriety of removal." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

## ANALYSIS

On reconsideration, Plaintiffs ask this court to reconsider its decision that Khawly was not properly served prior to MidCap's removal, thereby obviating the need for MidCap to obtain her consent to removal under 28 U.S.C. § 1446(b)(2)(A). Plaintiffs do not challenge the court's decision regarding the sufficiency of MidCap's allegations of diversity jurisdiction. In the event that this court denies their motion for reconsideration, Plaintiffs move in the alternative for this court to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) the following question: "Does Wisconsin statutory law require a plaintiff to contemporaneously serve via substitute service (*i.e.*, via publication or service pursuant to the law of the state where service is made) both the original and amended summons on a defendant to commence a case against the defendant?" Pls.' Br., Dkt. No. 73 at 12.

It is undisputed that MidCap did not obtain Khawly's written consent to removal. The question before the court is whether Khawly was properly served and therefore whether MidCap was required to obtain her written consent for removal. Under Wisconsin Statute § 801.11(1)(c), if with reasonable diligence a defendant cannot be personally served, service can be made "by publication of the summons as a class 3 notice, under ch. 985, and by mailing." Wis. Stat. § 801.11(1)(c); *Krahenbuhl v. Ostrich Ranchers Ltd. P'ship*, No. 96-C-246, 2007 WL 3012712, at \*2 (E.D. Wis. Oct. 12, 2007). The court previously determined, and neither party presently disputes, that Plaintiffs exercised reasonable diligence in attempting to personally serve Khawly. Plaintiffs could therefore serve Khawly by publication, which they proceeded to do.

To serve by publication, a plaintiff must publish a class 3 notice "once each week, for three consecutive weeks, in 'a newspaper likely to give notice in the area or to the person affected,'" *Krahenbuhl*, 2007 WL 3012712, at \*3 (quoting Wisconsin Statutes §§ 985.02(1) and 985.07(3)), and "at or immediately prior to the first publication, a copy of the summons and a copy of the complaint" must be mailed to the defendant, provided that the defendant's post-office address can be ascertained. § 801.11(1)(c). Plaintiffs published a publication summons in the New York Law Journal (NYLJ) once per week for three consecutive weeks, starting on March 5, 2019. Dkt. No. 22. Under § 801.13(2), which provides that "[a] summons served by publication is deemed served on the first day of required publication," Khawly was served with the summons on March 5, 2019, twenty days prior to MidCap's filing of a notice of removal.

Because service by publication is a two-step process, requiring publication of a summons as a class 3 notice and mailing of the complaint at, or immediately prior to, the first publication, § 801.11(1)(c), on March 4, 2019, the day before Khawly was served with the publication summons,

5

Plaintiffs mailed authenticated copies of the original and amended complaints and summonses and the publication summons to Khawly's New York City address. Dkt. Nos. 37-3, 49-1. In this court's July 8, 2019 order, the fact that Plaintiffs only published one publication summons that referred to a "Complaint," not an "Amended Complaint," was critical. Dkt. No. 69 at 8. The court noted that, under *Wahal v. Weiss*, 2016 WI App 57, 370 Wis. 2d 788, 882 N.W.2d 871 (unpublished), service must be made of both the original and amended complaints, even where, as here, and amended pleading is filed within the window for serving the original complaint. Dkt. No. 69 at 8. Because Plaintiffs did not publish an amended summons notifying Khawly that they filed an amended complaint, the court concluded that they failed to serve the amended complaint and therefore did not properly serve Khawly. *Id.* at 8–9.

The court reached a similar result as to Plaintiffs' substituted service of Khawly by doorman. Wisconsin Statute § 801.11(1)(b)(2) provides that, if with reasonable diligence the defendant cannot be served by personally delivering a copy of the summons and complaint, then service may be made "[p]ursuant to the law for the substituted service of summons or like process upon defendants in actions brought in courts of general jurisdiction of the state in which service is made." Recognizing that New York law permits substitute service by doorman where access to the building is denied and copies of the summons and complaint are also mailed, *see, e.g.*, *Rosenberg v. Haddad*, 208 A.D.2d 468, 469 (N.Y. App. Div. 1994); *Sullivan v. 117 Liberty Street, LLC*, No. 12-CV-05066PKC, 2013 WL 2304096, at *1 (E.D.N.Y. May 24, 2013), Plaintiffs left a copy of the original summons and complaint with Khawly's doorman. *See* Reis Aff., Dkt. No. 37-8 at ¶ 5. Because Plaintiffs did not also serve the amended summons and complaint on the doorman, the court determined that Khawly had not been properly served by substitution. Dkt. No. 69 at 9.

On reconsideration, Plaintiffs argue that Wisconsin law commands a different result. Plaintiffs argue that they complied with Wisconsin law by first serving the original complaint and summons within 90 days by publication under Wis. Stat. §§ 801.02(1) and 801.11(c), thereby securing personal jurisdiction over Khawly, and then by serving the amended complaint by mail under § 801.14(2). The distinction between §§ 801.02 and 801.14, they argue, is key. In *Holman v. Family Health Plan*, the Wisconsin Supreme Court distinguished §§ 801.02 and 801.14 as follows:

> Wis. Stat. § (Rule) 801.02(1) applies to an original summons and complaint to commence an action and not to an amended complaint such as the one in this case. Once the action was commenced and personal jurisdiction was obtained on Family Health Plan, as in this case, the plaintiffs did not have to comply with § 801.02(1) to serve an amended complaint on a non-defaulting party. Instead, the plaintiffs were required to comply with the service requirements of Wis. Stat. § (Rule) 801.14(1), as discussed above.
>
> The plaintiffs have confused Wis. Stat. § (Rule) 801.02, which governs commencement of actions, with Wis. Stat. § (Rule) 801.14(1) and (2), which provide that service of all papers may be by personal or mail service or if no address is known by leaving them with the clerk of court.

227 Wis. 2d 478, 489–90, 596 N.W.2d 358 (1999). Stated differently, the original complaint secures jurisdiction over the defendant, and jurisdiction attaches upon commencement of an action. Under § 801.02(1), a civil action is commenced as to any defendant "when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 90 days of filing."

Plaintiffs argue that, in this case, the state court secured personal jurisdiction over Khawly by virtue of their service of her by publication. Then, because the action had already commenced

7

as to Khawly, they only needed to serve the amended summons and complaint by mail under § 801.14(2), which they did. Dkt. No. 49-2. MidCap notes in response that Plaintiffs filed an amended complaint prior to serving Khawly with the original complaint. The filing of an amended complaint, they contend, nullified the original complaint and rendered Plaintiffs' efforts to commence an action against Khawly by publication ineffective. *See Holman*, 227 Wis. 2d at 484. In other words, MidCap argues that Plaintiffs cannot commence an action by serving an inoperative complaint. Further, MidCap argues that Plaintiffs did not comply with § 801.14 in any event because they did not serve the amended complaint on Khawly by mail until a couple weeks after they filed the amended complaint, thereby contravening *Holman*, which observes that "[t]he rules assume that the parties will be served before the paper is filed with the circuit court." *Id.* at 490 n.16.

Upon further consideration, the court concludes that Plaintiffs are correct. The *Holman* court made clear than an action is commenced as to a defendant and personal jurisdiction over that defendant attaches, when the original summons and complaint naming the person as defendant are filed, provided that the original summons and complaint are served within 90 days. *Id.* at 489–90; § 801.02(1). Here, Plaintiffs properly served Khawly with the original summons and complaint by publication within 90 days of their being filed in state court in accordance with §§ 801.02(1), 801.11(c). The action therefore commenced as to Khawly, and the state court's jurisdiction over her attached, on December 14, 2018. Plaintiffs were thereafter permitted to serve subsequent filings, including the amended complaint, on Khawly by mail under § 801.14(2). *See Holman*, 227 Wis. 2d 489–90.

MidCap's reliance on *Holman* to argue that Plaintiffs' service of the original summons and complaint was a legal nullity is misplaced. While the *Holman* court cites the "oft-stated rule" that "an amended complaint supersedes or supplants the prior complaint," it also noted that "[t]he answer to the question of when an amended complaint supersedes a prior complaint depends on the circumstances of the case." *Id.* at 484. *Holman* is useful in its explanation about the distinction between §§ 801.02 and 801.14, but it does not address the precise issue of when, if at all, an amended complaint supersedes an original complaint for purposes of service. Rather, *Holman* concerned the issue of whether a default judgment can be entered when an amended complaint was filed but not served prior to the deadline for answering the original complaint. *Id.* at 480–81. The court held that the default judgment was null because the filing of the amended complaint superseded the original complaint for the purpose of which pleading the defendant was required to respond to. *Id. Holman* failed to address the precise issue before this court, which is whether the filing of an amended complaint prevents service of the original complaint from commencing the action against the defendant.

Far less afield is *Wahal v. Weiss*, which lends support to the Plaintiffs' position. 2016 WI App 57, 370 Wis. 2d 788, 882 N.W.2d 871 (unpublished). In *Wahal*, the plaintiff filed an original summons and complaint and, before serving them, filed and served an amended summons and complaint. *Id.* ¶ 2. After the 90-day period for service of the original summons and complaint had expired, which occurred after the three-year statute of limitations period had run, the defendants moved to dismiss. *Id.* ¶ 3. The trial court granted the defendants' motion because the plaintiff's failure to serve the original complaint within 90 days deprived the court of personal jurisdiction over the defendants, and the court of appeals affirmed. *Id.* ¶¶ 3, 10. Applying the same principle here,

9

Plaintiffs' filing of an amended complaint prior to service of the original complaint did not nullify the original complaint's effect with respect to attaching personal jurisdiction over a defendant. In other words, for purposes of service, the mere filing of an amended complaint before an original complaint is served does not render subsequent service of the original complaint ineffective.

MidCap's argument that Plaintiffs failed to comply with § 801.14(2) is similarly unpersuasive, as neither *Holman* nor § 801.14 require that an amended pleading be served prior to its filing. Moreover, unlike in *Holman*, Plaintiffs in this case filed affidavits of mailing stipulating to service of the amended complaint on Khawly. Dkt. Nos. 49-1, 49-2; 227 Wis. 2d at 490 n.16; § 801.14(4) ("The filing of any paper required to be served constitutes a certification by the party or attorney effecting the filing that a copy of such paper has been timely served on all parties required to be served, *except as the person effecting the filing may otherwise stipulate in writing*." (emphasis added)). Although not necessary to decide Plaintiffs' motion, it also follows from the foregoing that the substituted service upon the doorman to Khawly's building was effective under New York law, and thus sufficient under Wis. Stat. § 801.11(1)(b)(2).

Because the court concludes that Plaintiffs properly served Khawly prior to MidCap's removal and that MidCap did not obtain Khawly's written consent, the court will grant Plaintiffs' motion for reconsideration and remand this case back to Outagamie County Circuit Court. The court need not address Plaintiffs' alternative request for certification of an interlocutory appeal.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration (Dkt. No. 72) is **GRANTED** and this case is **REMANDED** back to Outagamie County Circuit Court. All pending motions are dismissed as moot as to this court. The clerk is directed to mail a certified copy of this

order to the clerk of the Outagamie County Circuit Court pursuant to 28 U.S.C. § 1447(c). Because the court concludes that an objectively reasonable basis exists for MidCap's removal, costs and attorney's fees are denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

**SO ORDERED** this  10th  day of September, 2019.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
